IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-CR-036-JFH |
| ) | |
| TRACY ANN MANNON, ) | |
| ) | |
| Defendant. | |

# UNOPPOSED MOTION TO
# CONTINUE JURY TRIAL AND SCHEDULING ORDER

Counsel for Ms. Tracy Mannon, Defendant, moves the Court to continue the current jury trial date and all other accompanying dates, including dates from the scheduling order in this matter at Docket #41, for one-hundred twenty-seven (127) days, from September 30, 2024, to February 3, 2025. In support of such Motion, counsel submits the following for the Court's consideration:

1. Defense counsel has conferred with Mr. Joshua Satter, Assistant United States Attorney, and is authorized to state the Government has no objection to this Motion.

2. Ms. Mannon was initially held on a Complaint alleging one violation of Murder in Indian Country-Second Degree, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153. (Dkt. 1.)

3. Defendant was subsequently charged by Indictment with one (1) violation of 18 U.S.C. §§ 1111(a), 1151 and 1153, Murder in Indian Country. (Dkt #15.)

4. Ms. Mannon's counsel filed a sealed motion on March 18, 2024. (Dkt. 26.)

1

5. On June 27, 2024, after a hearing before Magistrate Judge Gerald L. Jackson addressing counsel's sealed motion, with no objections made by counsel, Judge Jackson issued a Sealed Report and Recommendation. (Dkt. 35.)

6. Defendant was then arraigned on the Indictment on June 27, 2024. (Dkt #36.)

7. This Motion to Continue is the first request for a continuance of all dates in the current scheduling order.

8. The District Court adopted the Sealed Report and Recommendation on July 30, 2024. (Dkt. 47.)

9. On July 30, 2024, the Court issued the current Scheduling Order. (Dkt. 48.)

10. Currently, Joint Status Report, Notices, and Motions to Dismiss for Insufficient Indictment are due August 12, 2024, with all other motions and objections due August 19, 2024, a pretrial conference is set for September 12, 2024, and jury trial is set for September 30, 2024. *Ibid.*

11. Currently, defendant is in custody.

12. Counsel for Defendant seeks additional time to continue efforts toward Defendant's motions, preparation of a trial defense and/or a resolution of this case without trial.

13. Counsel for Defendant believes that in this case the ends of justice outweigh the interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

14. Counsel for Defendant understands that an "ends of justice" continuance should not be granted cavalierly, and that the public has an equal interest in a speedy trial. *See United States v. Toombs*, 574 F.3d 1262, 1269, 1273 (10th Cir. 2009).

15. Among the factors which the Court must consider in deciding on an "ends of justice" continuance are:

    A. Whether failure to grant a continuance of the proceeding would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(I).

    B. Whether the case is unusual or complex, due to the existence of a novel question of fact or law, that it is unreasonable to expect adequate preparation for the trial itself within the time limits imposed by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

    C. Whether failure to grant a continuance in a case which, taken as a whole, is not unusual or complex would nonetheless deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

16. Failure to grant a continuance of the proceeding would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(I).

17. The instant case is not complex but failure to grant a continuance would deny Counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

18. Defendant advises the Court that the requested continuance implicates the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Defendant Mannon has been advised by counsel and agrees that any time encompassed by a continuance granted as a result of this request is

excludable under the provisions of the Speedy Trial Act.

19. Counsel for Defendant has obtained a Waiver of Speedy Trial executed by Ms. Mannon and will file such waiver upon the filing of this Motion.

20. A proposed order has been sent to the Clerk's Office pursuant to Local Rules.

**WHEREFORE**, Counsel for Defendant requests the Court extend and continue all deadlines in the scheduling order, including the motions and notice deadlines, pre-trial conference and jury trial for an additional one-hundred twenty-seven (127) days from September 30, 2024, to February 3, 2025.

>Respectfully submitted,
>
>OFFICE OF THE FEDERAL PUBLIC DEFENDER
>Scott A. Graham, Federal Public Defender
>
>By:   s/Brian J. Deer
>      Brian J. Deer, OBA #34390
>      Assistant Federal Public Defender
>      112 N. 7th St.
>      Muskogee, Oklahoma 74401
>      Telephone: (918) 687-2430
>      E-mail: brian_deer@fd.org
>      *Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 30th day of July, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Joshua Satter
Assistant United States Attorneys

>s/Brian J. Deer
>Brian J. Deer