IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Case No. 24-CR-036-JFH** |
| ) | |
| **TRACY ANN MANNON,** ) | |
| ) | |
| Defendant. | |

## SECOND UNOPPOSED MOTION TO
## CONTINUE JURY TRIAL AND SCHEDULING ORDER

Counsel for Ms. Tracy Mannon, Defendant, moves the Court for the second time to continue the current jury trial date and all other accompanying dates, including dates from the scheduling order in this matter at Docket #51, for fifty-seven (57) days, from February 3, 2025, to March 31, 2025. In support of such Motion, counsel submits the following for the Court's consideration:

1. Defense counsel has conferred via telephone with Mr. Joshua Satter, Assistant United States Attorney, and is authorized to state the Government has no objection to this Motion.

2. Ms. Mannon was initially held on a Complaint alleging one violation of Murder in Indian Country-Second Degree, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153. (Dkt. 1.)

3. Defendant was subsequently charged by Indictment with one (1) violation of 18 U.S.C. §§ 1111(a), 1151 and 1153, Murder in Indian Country. (Dkt #15.)

4. Ms. Mannon's counsel filed a motion in accordance with F.R.Cr.P. 12.2 on March 14, 2024. (Dkt. 20.)

1

5. Ms. Mannon's counsel then filed a sealed motion on March 18, 2024. (Dkt. 26.)

6. On June 27, 2024, after a hearing before Magistrate Judge Gerald L. Jackson addressing counsel's sealed motion, with no objections made by counsel, Judge Jackson issued a Sealed Report and Recommendation. (Dkt. 35.)

7. Defendant was then arraigned on the Indictment on June 27, 2024. (Dkt #36.)

8. The District Court adopted the Sealed Report and Recommendation on July 30, 2024. (Dkt. 47.)

9. On July 30, 2024, the Court issued the current Scheduling Order. (Dkt. 48.)

10. On July 30, 2024, Defendant filed an unopposed Motion to Continue Jury Tril and Scheduling Order. (Dkt. 49.)

11. The Court granted Defendant's Motion to Continue. (Dkt. 51.)

12. This Motion to Continue is the *second* request for a continuance of all dates in this case and the *first* request for the current scheduling order.

13. Currently, Joint Status Report, Notices, and Motions to Dismiss for Insufficient Indictment are due December 16, 2024, with all other motions and objections due December 23, 2024, a pretrial conference is set for January 16, 2025, and jury trial is set for February 3, 2025. *Ibid.*

14. Currently, defendant is in custody.

15. Counsel for Defendant seeks additional time to continue efforts toward Defendant's pre-trial motions, preparation of her trial defense and/or a resolution of this case without trial.

16.     Trial preparations and any potential resolution to this case necessarily involve Ms. Mannon's mental state at the time of the alleged criminal conduct having been evaluated thoroughly and in a manner befitting an insanity defense at trial.

17.     Since her mental evaluation by the Bureau of Prisons' Dr. Cynthia A. Low, Ms. Mannon has been in the process of a subsequent mental evaluation by Dr. Leann Preston-Baecht. During this time-consuming process it has been and continues to be necessary to arrange personal interactions with Ms. Mannon, to interview Ms. Mannon's family members, neighbors, coworkers, and to search for and obtain necessary records to inform Ms. Mannon's evaluation. Evaluating Ms. Mannon's mental state at the time of her alleged conduct is a process that is still occurring and in need of completion for this case to be properly disposed either by trial or plea.

18.     Ms. Mannon's counsel has been and continues to work diligently with Ms. Mannon and the entire defense team to complete the evaluation process as soon as is practical. Counsel believes completion of this process can bring the case to a resolution or, at the very least, will focus trial on the pertinent contentious issue(s) and make proper use of the Court's time and resources.

19.     Counsel for Defendant believes that in this case the ends of justice outweigh the interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

20.     Counsel for Defendant understands that an "ends of justice" continuance should not be granted cavalierly, and that the public has an equal interest in a speedy trial. *See United States v. Toombs*, 574 F.3d 1262, 1269, 1273 (10th Cir. 2009).

21. Among the factors which the Court must consider in deciding on an "ends of justice" continuance are:

   A. Whether failure to grant a continuance of the proceeding would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(I).

   B. Whether the case is unusual or complex, due to the existence of a novel question of fact or law, that it is unreasonable to expect adequate preparation for the trial itself within the time limits imposed by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

   C. Whether failure to grant a continuance in a case which, taken as a whole, is not unusual or complex would nonetheless deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

22. Failure to grant a continuance of the proceeding would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(I).

23. The instant case is not complex but failure to grant a continuance would deny Counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

24. Defendant advises the Court that the requested continuance implicates the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. Defendant Mannon has been advised by counsel and agrees that any time encompassed by a continuance granted as a result of this request is

excludable under the provisions of the Speedy Trial Act.

25.     Counsel for Defendant has obtained a Waiver of Speedy Trial executed by Ms. Mannon and will file such waiver upon the filing of this Motion.

26.     A proposed order has been sent to the Clerk's Office pursuant to Local Rules.

**WHEREFORE**, Counsel for Defendant requests the Court extend and continue all deadlines in the scheduling order, including the motions and notice deadlines, pre-trial conference and jury trial for an additional fifty-seven (57) days from February 3, 2025, to March 31, 2025.

        Respectfully submitted,

        OFFICE OF THE FEDERAL PUBLIC DEFENDER
        Scott A. Graham, Federal Public Defender

        By:    s/Brian J. Deer
                  Brian J. Deer, OBA #34390
                  Assistant Federal Public Defender
                  112 N. 7th St.
                  Muskogee, Oklahoma 74401
                  Telephone: (918) 687-2430
                  E-mail: brian_deer@fd.org
                  *Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 11th day of December, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Joshua Satter
Assistant United States Attorneys

                  s/Brian J. Deer
                  Brian J. Deer

5